UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY BROWN, # 792455,            )
                                  )
              Plaintiff,          )     Case No. 1:16-cv-1464
                                  )
v.                                )     Honorable Gordon J. Quist
                                  )
COMMISSIONER OF                   )
SOCIAL SECURITY,                  )     **REPORT AND RECOMMENDATION**
                                  )
              Defendant.          )
_____ )

This is a civil action brought *pro se* by a state prisoner. Plaintiff alleges that under 42 U.S.C. § 402(X)(1)(A) the Social Security Administration took his retirement benefits away as a method of offsetting the cost of his confinement. He alleges that there is no justification for the Administration's action because he is paying the State of Michigan for the cost of his incarceration. (ECF. No. 1, PageID.5). Plaintiff named the Commissioner of Social Security as the defendant. (*Id.* at PageID.1, 4). Plaintiff states that he "exhausted administrative remedies in this matter" and that the Court has "jurisdiction for judicial review under 42 U.S.C. § 405(g)." (*Id.* at PageID.2). He seeks a court order compelling the Commissioner to "restore his eligibility" for receiving social security benefits and to "refund all past due benefits unjustly taken." (*Id.* at PageID.6).

The matter is before the Court on defendant's Rule 12(b)(1) motion seeking dismissal of plaintiff's complaint for lack of subject matter jurisdiction. (ECF No. 7).

Plaintiff has filed his response. (ECF No. 20). For the reasons set forth herein, I recommend that defendant's motion be granted and that plaintiff's complaint be dismissed.

## **Standard of Review**

"Federal courts are courts of limited jurisdiction and have subject matter jurisdiction only as authorized by the Constitution and by Congress." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "As a consequence of this restriction on federal judicial power, federal jurisdiction may not be maintained by mere averment, inferred argumentatively, or supplied by inference. Put differently, . . . there is a presumption against federal jurisdiction." *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 391 (6th Cir. 2016) (citations and quotations omitted). Plaintiff "bears the burden of establishing that jurisdiction exists." *Kokkonen*, 511 U.S. at 377; *Taylor v. KeyCorp*, 680 F.3d 609, 612 (6th Cir. 2012); *Valencia v. Commissioner*, No. 1:13-cv-922, 2014 WL 70125, at *1 (W.D. Mich. Jan. 9, 2014).

The Sixth Circuit recognizes two types of 12(b)(1) motions: a "facial" attack challenging the sufficiency of the plaintiff's factual allegations, in which all well-pleaded factual allegations in the complaint are taken as true; and a "factual" attack challenging the actual fact of subject-matter jurisdiction, which is analyzed under summary judgment standards. *See O'Bryan v. Holy See*, 556 F.3d 361, 375 (6th Cir. 2009). Defendant is making a factual attack under Rule 12(b)(1). (ECF No. 7, PageID.93; ECF No. 8, PageID.95-96, ECF No. 8-1, PageID.106-35). The difference is significant, because under a factual challenge the district court is empowered to weigh

-2-

the evidence, and no presumptions apply to the truth of plaintiff's allegations.  *See Global Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015).  "In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside the pleadings and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case." *Cartwright v. Garner*, 751 F.3d 752, 759-60 (6th Cir. 2014).

## **Proposed Findings of Fact**

On or about February 3, 2011, plaintiff was sentenced in Kent County Circuit Court to fifteen to thirty years' imprisonment on a criminal conviction.  His earliest anticipated release date is January 2, 2026, and his maximum release date is January 2, 2041.  (ECF No. 12-1, PageID.148-49).  Plaintiff was receiving old age insurance benefits before his incarceration.  (ECF No. 8-1, PageID.107, 114-16).

On April 5, 2011, the Social Security Administration sent plaintiff a notice of its initial determination suspending payment of benefits because plaintiff was incarcerated.  Plaintiff was advised that he could not be paid benefits beginning in February 2011 because he was imprisoned for the conviction of a crime.  (*Id.* at PageID.107, 117).  Plaintiff was informed that he had sixty days to appeal this determination by filing an appeal in writing which included a signed form "SSA-561-U2, called a 'Request for Reconsideration.' " (*Id.* at PageID.119).  Further, plaintiff was advised that the sixty-day period for filing his request for reconsideration would start the day after his receipt of the letter, and that it was assumed that plaintiff received

-3-

the letter five days after the date on it unless plaintiff showed the Administration that he did not receive the letter within the five-day period. (*Id.*). The Administration also notified plaintiff that he had received an overpayment of $3,355.00 because payments were not stopped until April 2011. (*Id.* at PageID.107-08, 117). The notice advised plaintiff that he had sixty days from the receipt of the notice to request that the overpayment determination be reconsidered. He was advised that he could request waiver of the overpayment. If he did so, he would be required to show that the overpayment was not his fault in any way and that he could not meet his necessary living expenses if the Social Security Administration recovered the overpayment or that recovery would be unfair for some other reason. (*Id.* at PageID.118).

On April 15, 2011, the Social Security Administration sent plaintiff a revised notice in light of the fact that they had been able to stop the payment that had been scheduled for April 27, 2011. Thus, the Administration recalculated that the overpayment to plaintiff was $2,011.20. Plaintiff was once again advised of his right to appeal and to request a waiver of the overpayment. He likewise received a second notice of the forms that he needed to complete and file and the applicable deadlines. (*Id.* at PageID.107-08, 123-25). There is no evidence before the Court that plaintiff requested reconsideration of the aforementioned decisions or that he received any

decision at the reconsideration stage of administrative proceedings.[1] (*Id.* at PageID.108).

Years later, on September 23, 2014, plaintiff made a request for a hearing by an administrative law judge. (*Id.* at PageID.108, 126). On October 20, 2014, an administrative law judge dismissed plaintiff's request for a hearing. Plaintiff only had the right to a hearing if there had been a determination made on a request for reconsideration. "There [was] no indication in the record that a reconsideration determination was made in this case." (*Id.* at PageID.135). Thus, plaintiff did not have a right to a hearing and his request for a hearing was dismissed. (*Id.*). Plaintiff was advised that he had a limited time to file an appeal of the ALJ's dismissal of his request for a hearing. The notice advised plaintiff that he had sixty days from his receipt of the notice and that the Appeals Council would assume that plaintiff received the notice five days after October 20, 2014. (*Id.* at PageID.133).

On October 23, 2014, plaintiff signed a letter addressed to the ALJ stating that he wished to appeal the October 20, 2014, dismissal of his request for a hearing. (ECF No. 2-1, PageID.68). It is assumed for present purposes that the letter was mailed on or about the date plaintiff signed it. On February 13, 2015, plaintiff filed a request for

---

[1] Plaintiff believes that notices should have been sent to his prison address in addition to his residence, but he concedes that he had actual notice in 2011 through his daughter that the Social Security Administration had suspended payments. (Plaintiff's Brief at 2, ECF No. 2, PageID.13; *see also* Plaintiff's Brief at 5-6, ECF No. 20, PageID.189-90). It is not clear whether plaintiff asked the Appeals Council to remand his claim for examination at the reconsideration stage based on purported deficiencies in the notice that plaintiff received of the Administration's initial determination suspending benefits.

review.  The Social Security Administration was unable to locate the paper claims file. (ECF No. 8-1, PageID.108).

On December 27, 2016, plaintiff filed his complaint.  (ECF No. 1).

On March 24, 2017, the Social Security Administration sent plaintiff a letter advising plaintiff that the Appeals Council's rules would be changing effective May 1, 2017, and those rules would apply when the Appeals Council makes its decision whether to review plaintiff's case.  (ECF No. 13-1, PageID.157-58).

## Discussion

Defendant seeks dismissal of this lawsuit for lack of subject-matter jurisdiction. Defendant is making a factual attack rather than a facial attack on the issue of subject-matter jurisdiction.

It is undisputed that plaintiff is an inmate held in the custody of the Michigan Department of Corrections on a criminal conviction.[2]  Section 402(x) states, in pertinent part, that no monthly benefits shall be paid . . . to any individual for any month ending with or during or beginning with or during a period of more than 30 days throughout all of which such individual – (I) is confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense." 42 U.S.C. § 402(x); *see Williams v. Callihan*, No. 97-3539, 1997 WL 764457, at *1 (6th Cir. Dec. 4, 1997); *Caldwell v. Heckler*, 819 F.2d 133 (6th Cir. 1987) (*per curiam*); *Schmidt*

---

[2]Plaintiff's obligation under Michigan law to compensate the State for the cost of his incarceration is irrelevant to whether he is entitled to receive social security benefits.

*v. Parker*, No. 1-11-cv-1133, 2011 WL 6057514, n.1 (W.D. Mich. Dec. 6, 2011); *Josephson v. Secretary of Health & Human Servs.*, No. 1:93-cv-794, 1994 WL 746630, at *4-5 (W.D. Mich. Nov. 17, 1994).

Plaintiff invokes 42 U.S.C. § 405(g). (ECF No. 1, PageID.2). Section 405(g) is a limited waiver of sovereign immunity. It states that "[a]ny individual, *after any final decision* of the Commissioner of Social security *made after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."[3] 42 U.S.C. § 405(g) (emphasis added); *see also McQueary v. Colvin*, No. 3:15-cv-68, 2017 WL 63034, at *4 (W.D. Ky. Jan. 5, 2017). Plaintiff cannot obtain judicial review of the Commissioner's decision until after a "final decision" by the Commissioner made after a hearing. *See Rowden v. Warden*, 89 F.3d 536, 537 (8th Cir. 1996). "Without a 'final decision', the District Court has no jurisdiction to review the Commissioner's determination." *Aruanno v. Commissioner*, 471 F. App'x 87, 88 (3d Cir. 2012); *Yost v. Secretary of Health & Human Servs.*, No. 93-5321, 1993 WL 384970,

---

[3]In addition, 42 U.S.C. section 405(h) states: "The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." The federal government and its agencies are immune from suit absent consent to be sued; where United States does consent to be sued, terms of that consent define court's jurisdiction to entertain suit. *See Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994).

at *1 (6th Cir. Sept. 29, 1993); *Martin v. Colvin*, No. 3:14-cv-209, 2014 WL 5607028, at *6 (M.D. Tenn. Nov. 4, 2014) ("Federal courts lack subject matter jurisdiction over a lawsuit bringing claims that arise under the Social Security Act until the Commissioner issues a final decision."); *accord United States v. Lopez*, 287 F. App'x 837, 839 (11th Cir. 2008) ("Because Lopez failed to follow the procedures that would allow for judicial review, the district court had no power to issue the Benefits Order directing that the Commissioner continue Lopez's social security benefits.").

I find that plaintiff did not properly exhaust his administrative remedies before filing this lawsuit. After the Administration made its initial determination suspending plaintiff's benefits, plaintiff was required to request reconsideration. 20 C.F.R. § 404.900(a)(2). There is no evidence that plaintiff made a request for reconsideration or that he received a decision at the reconsideration stage of administrative proceedings. Plaintiff was not entitled to a hearing before an ALJ absent a timely request for reconsideration and a decision at the reconsideration level that plaintiff could challenge at an administrative hearing. *See Holcomb v. Colvin*, No. 3:13-cv-5256, 2014 WL 51148, at *4 (W.D. Wash. Jan. 7, 2014); *see also* 20 C.F.R. § 404.900(a)(3). The ALJ dismissed plaintiff's request for a hearing because plaintiff skipped the reconsideration level of review. The ALJ's order dismissing plaintiff's request for a hearing is not a final administrative decision subject to judicial review. *See Hilmes*, 983 F.2d 67, 70 (6th Cir. 1993); *Weaver v. Commissioner*, 1:13-cv-303, 2014 WL 1364976, at *5 (N.D. Ohio Mar. 31, 2014); *Thomas v. Social Sec. Admin*, No. 07-11526, 2008 WL 2242561, at *3-4 (E.D. Mich. May 30, 2008).

I find that plaintiff's complaint does not fall within the narrow exception where lack of administrative exhaustion might be excused. *See Hilmes*, 983 F.2d at 69; *Smith v. Commissioner*, No. 1:16-cv-102, 2016 WL 3890858, at *1-2 (W.D. Mich. June 25, 2016); *Ferguson v. Commissioner*, No. 1:07-cv-247, 2008 WL 243955, at *4 (W.D. Mich. Jan. 28, 2008). Plaintiff's complaint does not allege and he has not supported with evidence any colorable claim for the denial of a constitutional right.

Section "402(x) is not unconstitutional." *Williams v. Callahan*, No. 97-3594, 1997 WL 764457, at *1 (6th Cir. Dec. 4, 1997) (collecting cases). It "has been upheld against constitutional challenge by every court to consider the matter[.]"[4] *Muldoon v. Social Security Admin.*, No. 99-2013, 2000 WL 995186, at *1 (1st Cir. July 22, 2000) (*per curiam*); *see also Hampton v. Dep't of Health & Human Servs.*, No. 95-10331, 1995 WL 413133, at *2 (5th Cir. June 21, 1995) (Courts have "upheld the suspension of Social Security benefits against a variety of constitutional challenges.") (*per curiam*). Section 402(x) does not violate the Eighth Amendment's Cruel and Unusual Punishments Clause because the suspension of benefits is not punishment. *See Peeler v. Heckler*, 781 F.2d 649, 651-52 (8th Cir.1986); *Jones v. Heckler*, 774 F.2d 997, 998

---

[4]Plaintiff's reliance on snippets of legislative history is misplaced. "Given the straightforward statutory command, there is no reason to resort to legislative history." *United States v. Gonzales*, 520 U.S. 1, 6 (1997). "The purposes of a statute are not the law: only the statute is the law. The words of the statute, not the words of the legislative history, control statutory interpretation." *Davel v. Sullivan*, 902 F.2d 559, 562 (7th Cir. 1990). Further, assuming that this was an instance where resort to legislative history would be appropriate, it would not benefit plaintiff. "Congress intended to prohibit any social security payments of social security benefits to prisoners, without exception[.]" *Fowlkes v. Thomas*, 667 F.3d 270, 272 (2d Cir. 2012).

(10th Cir.1985) (*per curiam*); *see also Schlomann v. McSteen*, No. 86-1359, 1986 WL 18143, at *2-3 (6th Cir. Oct. 20, 1986). It does not violate the Eighth Amendment's Excessive Fines Clause. *See Treece v. Wilson*, 212 F. App'x 948, 952 (11th Cir. 2007). Section 402(x) does not violate the Fifth Amendment's Double Jeopardy Clause. *See Treece v. Wilson*, 212 F. App'x at 951; *Jones v. Heckler*, 774 F.2d 997, 998 (10th Cir. 1985) (*per curiam*). It does not violate a prisoner's rights Fifth Amendment's Due Process Clause.[5] *See Davis v. Bowen*, 825 F.2d at 800-01; *Zipkin v. Heckler*, 790 F.2d 16, 20-21 (2d Cir. 1986); *Buccheri-Bianca v. Heckler*, 768 F.2d 1152 (10th Cir. 1985); *Wilson v. Karnes*, No. 2:06-cv-392, 2009 WL 467566, at *6 (S.D. Ohio Feb. 24, 2009) (collecting cases). The suspension of retirement benefits does not violate a prisoner's right to equal protection secured by the Fifth Amendment.[6] *See Davis v. Bowen*, 825 F.2d 799 (4th Cir. 1987); *Langella v. Bush*, 161 F. App'x 140, 142 (2d Cir. 2005); *Butler v. Apfel*, 144 F.3d 622, 625 (9th Cir. 1998); *see also Milner v. Apfel*, 148 F.3d 812, 815

---

[5]Defendant is correct that, even assuming plaintiff is that rare inmate capable of paying all costs related to his incarceration, his due process claim is untenable because the "rational justification" provided for by Congress of suspending benefits to avoid the discipline problems that money creates in prison more than suffices. *See Pace v. United States*, 585 F. Supp. 399, 401 (S.D. Tex. 1984); *see also Hopper v. Schweiker*, 596 F. Supp. 689, 690 n.1 (M.D. Tenn 1984). In addition, "when Congress chooses not to leave a matter to case-by-case adjudication, there are necessarily situations in which the chosen rule of decision will be underinclusive or overinclusive. This is not a reason to ignore or reinterpret a statute. The benefits of a predictable rule of law are not insignificant." *Davel*, 902 F.2d at 562-63.

[6]"[T]he Due Process Clause of the Fifth Amendment contains an equal protection component prohibiting the United States from invidiously discriminating between individuals or groups." *Washington v. Davis*, 426 U.S. 229, 239 (1976); *see also United States v. Windsor*, 133 S. Ct. 2675, 2695 (2013).

(7th Cir. 1998) ("[E]qual protection challenges to the suspension of social security benefits to imprisoned criminals have been uniformly rebuffed.").

## Recommended Disposition

For the reasons set forth herein, I recommend that defendant's Rule 12(b)(1) motion (ECF No. 7) be granted and that plaintiff's complaint be dismissed.

Dated:  June 2, 2017            /s/  Phillip J. Green
                                United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).