UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY BROWN #792455,

        Plaintiff,                                      Case No. 1:16-CV-1464

v.                                              HON. GORDON J. QUIST

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pro se Plaintiff, Larry Brown, a prisoner incarcerated with the Michigan Department of Corrections, filed a complaint against the Commissioner of Social Security (Commissioner) pursuant to 42 U.S.C. § 405(g), seeking review of a decision of the Commissioner. Brown was convicted of a felony and sentenced in Kent County Circuit Court on or about February 3, 2011. At the time he was sentenced, Brown was receiving old age insurance benefits. Subsequently, the Social Security Administration (SSA) notified Brown that he would no longer receive benefits due to his incarceration. Brown seeks review of that decision.

After Brown filed his complaint in this case, the Commissioner filed a motion to dismiss, arguing that the Court lacks jurisdiction over Brown's complaint because Brown failed to exhaust his administrative remedies with the SSA. On June 2, 2017, after Brown responded to the Commissioner's motion, Magistrate Judge Green issued a Report and Recommendation ( R & R) recommending that the Court grant the Commissioner's motion and dismiss Brown's Complaint for lack of jurisdiction. The magistrate judge concluded that this Court lacks jurisdiction because the Commissioner has not made a final decision after a hearing, as required by 42 U.S.C. § 405(g).

(ECF No. 21 at PageID.204; R & R at 8.) In particular, the magistrate judge noted that the Administrative Law Judge's order dismissing Brown's request for a hearing is not a final administrative decision subject to judicial review pursuant to § 405(g). (*Id.*) The magistrate judge further found that Brown failed to show that his circumstances fall within the narrow exception to the exhaustion requirement based on a constitutional violation. (ECF No. 21 at PageID.205; R & R at 9.) Citing substantial case law, the magistrate judge concluded that 42 U.S.C. § 402(x) (pursuant to which the Commissioner suspended Brown's benefits) is not unconstitutional. (*Id.*)

Brown has filed timely Objections to the R & R, and the Commissioner has filed a response to Brown's Objections. In addition, Brown has filed a reply to the Commissioner's response and a supplement to his Objections.[1] Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Brown's Objections, the Commissioner's response, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and the Commissioner's motion granted.[2]

In his Objections, Brown argues that the R & R failed to mention that Brown did not see the SSA's benefit determination notices until he received the Commissioner's motion in this case. Even so, as the magistrate judge noted in the R & R, Brown admitted that he had actual notice of the

---

[1]The Court notes that neither Brown's reply, nor his supplement, are authorized by the Federal Rules of Civil Procedure or this district's local rules. Federal Rule of Civil Procedure 72(b)(2) provides only that a party may respond to another party's objections. Similarly, Western District of Michigan Local Civil Rule 72.3(b) provides only for a response to a party's objections. Although Brown has not requested leave to file a reply or his supplement, the Court has nonetheless considered them.

[2]In his Objections, Brown complains that the R & R refers to a number of "ECF documents" that Brown cannot access. Although Brown, a non-lawyer pro se litigant, is unable to access the Court's ECF system, Brown nonetheless has copies of the Commissioner's filings in this case. For example, ECF No. 10 is a certificate of mailing showing that the Commissioner served her motion (ECF No. 7), brief (ECF No. 8), and Exhibit A (ECF No. 8-1) on Brown on March 13, 2017.

initial denial through his daughter. (ECF No. 2 at PageID.13 (Brown's Br. at 4); ECF No. 20 at PageID.189 (Brown's Resp. at 5).) Thus, although the notices may not have been sent directly to Brown, he was aware of them. Brown also argues that the April 5, 2011, Notice from the SSA does not provide clear notice of benefit suspension or of the requirement to file a timely request for an appeal/reconsideration. However, a review of the April 5, 2011, Notice shows otherwise. (ECF No. 8-1 at PageID.117, 119 (Exhibit 3 to Commissioner's Br.).)

Finally, the Court concurs with the magistrate judge that Brown has failed to show that he is excused from administratively exhausting his claim on the basis of a valid constitutional challenge. As the magistrate judge correctly stated, numerous courts have held that § 402(x) is not unconstitutional. *See, e.g.*, *Williams v. Callahan*, No. 97-3594, 1997 WL 764457 (6th Cir. Dec. 4, 1997). The cases Brown cites in his Objections are inapposite, as they no not address the issue in this case—whether § 402(x) is unconstitutional.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued June 2, 2017 (ECF No. 21) is **APPROVED AND ADOPTED** as the Opinion of this Court. Plaintiff's Objection (ECF No. 6) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 7) is **GRANTED**. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

A separate judgment will issue.

This case is **concluded**.

Dated:  September 5, 2017                                    _____/s/ Gordon J. Quist_____
                                                                          GORDON J. QUIST
                                                                          UNITED STATES DISTRICT JUDGE